UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALLSTATE INSURANCE COMPANY et al.,

                  Petitioners,

      -against-

CLARA PANTIN,

                 Respondent.

25-mc-129 (AS)

<u>ORDER</u>

---

ARUN SUBRAMANIAN, United States District Judge:

Petitioner Allstate Insurance Company seeks to compel the production of subpoenaed records and related documents from respondent Clara Pantin. Allstate asks this Court to transfer this matter to the Eastern District of New York. *See* Dkt. 2 at 21. That's because the underlying action in which Allstate seeks discovery is pending in the Eastern District. *See* Dkt. 3-1. Allstate's motion is GRANTED.

Under Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Courts in this district have transferred similar motions based on "the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Hilb Grp. of New York, LLC v. Associated Agencies, Inc.*, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (citation omitted).

Transfer of this action to the Eastern District is appropriate. First, Pantin hasn't appeared or timely opposed Allstate's motion, so the Court takes her to implicitly consent to the transfer. On top of this, the underlying action has been pending since 2022 in the Eastern District. *See* Dkt. 3-1. Judge Bulsara, the judge presiding over the underlying action, has greater familiarity with both the substance and scope of discovery in this case. *See Jackson-Mau v. Nature's Bounty Co.*, 2021 WL 619726, at *1 (S.D.N.Y. Jan. 12, 2021) ("[B]ecause this subpoena relates to ongoing litigation before Judge Block and Magistrate Judge Scanlon in the Eastern District of New York, the Court determines that they are significantly better suited to decide this matter."). Judge Bulsara has issued multiple discovery scheduling orders, held several conferences with the parties, and overseen the protection of confidential discovery material in this action. And given the proximity of the Eastern District to this one and Pantin's history of transacting business in Brooklyn, the Court does not see how Pantin would be prejudiced by the transfer. *See Hilb*, 2023 WL 5183690, at *1 (transferring matter to Eastern District where respondent hadn't appeared and discovery in the underlying action was complicated and well underway).

The Clerk of Court is directed to transfer this motion to the United States District Court for the Eastern District of New York and to close the action in this district.

SO ORDERED.

Dated: April 15, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge